DOA
04/09/2026

# UNITED STATES DISTRICT COURT
### for the
### District of Arizona

|  |  |  |
|---|---|---|
| United States of America | ) | Case No.   26-6085MJ |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
|  | ) |  |
| 1.  Brayan Valles Bueno<br>Citizen of Mexico<br>(Counts 1-2) | ) |  |
| 2.  Jorge Aispuro<br>Velazquez<br>Citizen of Mexico<br>(Count 2) | ) |  |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

### COUNT 1

On or about April 9, 2026 at or near Phoenix, Arizona, within the District of Arizona, defendant, BRAYAN VALLES BUENO, did knowingly possess with the intent to distribute approximately 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi), (Possession with the Intent to Distribute Fentanyl).

### COUNT 2

Beginning on or about an unknown date and continuing through on or about April 9, 2026, at or near Phoenix, Arizona, defendants, BRAYAN VALLES BUENO and JORGE AISPURO VELAZQUEZ, did knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown, to possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance in violation of Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi).

All in violation of Title 21, United States Code, Section 846 (Conspiracy to Possess with the Intent to Distribute Fentanyl).

This criminal complaint is based on these facts:

See attached Statement of Probable Cause, incorporated by reference herein.

☒ Continued on the attached sheet.

/s/ Christopher L. Cernosek

*Complainant's signature*

Reviewed by AUSA Patrick Sloane for
AUSA Bradley Baugher

Christopher L. Cernosek, DEA Special Agent

*Printed name and title*

Sworn to before me and subscribed telephonically.

Date: April 10, 2026@2:21pm

*Judge's signature*

City and state: Phoenix, Arizona

Honorable Alison S. Bachus, U.S. Magistrate Judge

*Printed name and title*

CHRISTOPHER CERNOSEK
Digitally signed by CHRISTOPHER CERNOSEK
Date: 2026.04.10 13:13:47 -07'00'

<u>**STATEMENT OF PROBABLE CAUSE**</u>

I, Christopher L. Cernosek, Special Agent of the United States Drug Enforcement Administration ("DEA"), being duly sworn, declare and state as follows:

<u>**INTRODUCTION AND BACKGROUND OF AFFIANT**</u>

1.      I, Christopher L. Cernosek (hereafter referred to as "Affiant"), am a Special Agent ("SA") with the DEA. As such, your Affiant is an investigator or law enforcement officer of the United States empowered by law to conduct investigations and make arrests for any felony offense cognizable under the laws of the United States, pursuant to Title 21, United States Code, Section 878.

2.      Your Affiant has been a SA with the DEA since May 2025. Your Affiant is currently assigned to DEA Enforcement Group 4 in Phoenix, Arizona. Before becoming a DEA SA, your Affiant received 748 hours of formal law enforcement training at the DEA Basic Agent Academy in Quantico, Virginia. The curriculum covered all aspects of investigations, including identification of controlled substances, physical and electronic surveillance, using confidential sources, interview techniques, undercover operations, financial investigations, and the general operation of drug trafficking organizations ("DTOs").

3.      Prior to the DEA, your Affiant was employed for five years as a Deputy Sheriff with the Kings County Sheriff's Office in California. Before becoming a Deputy Sheriff, your Affiant attended six months of training at a California Peace Officer Standards and Training (POST) Basic Police Academy. Your Affiant completed 949 hours of formal law enforcement training on various areas such as interviews/interrogations, traffic stops, criminal law, common law, gangs, drug identification, firearms, defensive tactics, first responder/CPR, and Emergency Vehicle Operations Course (EVOC). As a Deputy Sheriff, your Affiant performed both foot and vehicle patrols. Throughout the course of being a Sheriff's Deputy, your Affiant continued professional training through California POST certified courses, including 24 hours of drug/narcotic influence training.

4.     Through training, education, experience, and conversations with other agents and officers who conduct drug investigations, your Affiant has become familiar with narcotics traffickers' methods of operation, including, but not limited to, the manufacturing, distribution, storage, and transportation of narcotics, and the methods used by drug traffickers to collect, transport, safeguard, remit, and/or launder drug proceeds.

5.     In the course of conducting drug investigations, your Affiant has consulted with other experienced investigators concerning the practices and the best methods to investigate drug traffickers.  In preparing this Affidavit, your Affiant has conferred with other special agents and law enforcement officers, who share the opinions and conclusions stated herein.  Furthermore, your Affiant has personal knowledge of the following facts or has learned them from the individual(s) mentioned herein. Except where otherwise noted, the information set forth in this affidavit has been provided to me directly or indirectly by agents of the DEA or other law enforcement officers.

6.     In preparing this Affidavit, I conferred with other law enforcement officials, who share the opinions and conclusions stated herein.  I have personal knowledge of the following facts or have learned them from other law enforcement officers.  I also relied on my training, experience, and background in law enforcement to evaluate this information. Since this Affidavit is being submitted for the limited purpose of establishing probable cause for a complaint, I have not included each and every fact or source of information establishing the violation of federal law.

## PROBABLE CAUSE

7.     In April 2026, a DEA confidential source (hereinafter, the "CS")[1] communicated via telephone with an unidentified, Mexican-based, source of illegal drug supply (hereafter referred to as the "SOS") concerning a bulk fentanyl pill transaction. The

---

[1] The CS is believed to be credible and reliable. The CS is working for financial compensation. The CS has been working with law enforcement since 2006. To date, the CS has been involved in numerous law enforcement operations, which have led to the seizure of distribution quantities of methamphetamine, cocaine, fentanyl, and proceeds believed to be generated through the sale of controlled substances. The CS has numerous contacts throughout Arizona and Mexico who provide the CS with drug-related information. The CS shares this information with the DEA.

SOS was utilizing a specific phone number, hereinafter "SOS's Phone."

8. On or about April 8, 2026, the CS and the SOS held further discussions regarding the bulk fentanyl transaction, during which the CS and the SOS agreed that the SOS would provide the CS with three boxes of fentanyl pills in the Phoenix, Arizona metropolitan area at the price of $0.55 cents (U.S. currency) per pill. One box is equivalent to 10,000 pills (for a total of U.S. currency $16,500). The CS recorded the CS' communications with the SOS. Over the course of several text messages between the CS and the SOS, the CS and the SOS agreed that the fentanyl transaction would take place on April 9, 2026. The SOS stated he would provide the location for the transaction in the morning hours of April 9, 2026.

9. On April 9, 2026, the SOS provided the address 5325-5417 N Cotton Ln Litchfield Park, AZ 85355 Estados Unidos for the drug transaction. Based upon the communications between the CS and the SOS, law enforcement officers established surveillance in the vicinity of 5325 N Cotton Lane, Litchfield Park, Arizona, a warehouse area.

10. In the morning of April 9, 2026, the CS indicated to the SOS that the CS was parked at 5325 N Cotton Lane, Litchfield Park, Arizona. The SOS indicated to the CS that the SOS could see the CS and would be coming shortly. Surveillance officers observed a white Ford SUV drive in the area around the CS for an extended period of time and park within line of sight of the CS's vehicle. Based on my training and experience, during illegal drug transactions, drug couriers commonly have an accompanying vehicle or party which watches the transaction to report the events to a third party or provide security for the drug courier.

11. A few minutes later, a male subject (later identified as Brayan Daniel Valles Bueno ("VALLES BUENO") driving a black Jeep Rubicon parked next to the CS's vehicle. The CS and VALLES BUENO exited their respective vehicles and greeted each other. The CS confirmed the presence of suspected fentanyl pills in the Jeep Rubicon and informed law enforcement of the presence of drugs.

12.     Shortly thereafter, at approximately 12:44 p.m., law enforcement officers approached VALLES BUENO while wearing clearly-visible police markings and activating their red and blue emergency lights and sirens. Law enforcement officers took VALLES BUENO into custody without incident.

13.     At or around the time of law enforcement taking VALLES BUENO into custody, law enforcement observed the white Ford SUV leave the area at a high rate of speed. Law enforcement later located the Ford SUV and conducted an enforcement stop on the Ford SUV. The passenger of the Ford SUV was identified as Jorge Candelario Aispuro Velazquez ("AISPURO VELAZQUEZ").   At approximately 1:24 p.m., AISPURO VELAZQUEZ was determined to be a citizen of Mexico, unlawfully present in the United States without authorization and was taken into custody.

14.     Law enforcement searched the Jeep Rubicon and located a Target store shopping bag containing a black bag inside which contained three packages of fentanyl pills on the front passenger seat. Law enforcement later took a sample of the fentanyl pills and conducted a field test which indicated presumptive positive for the presence of fentanyl. The total gross weight of the pills, including packaging, was approximately 1,818.0 grams.

*VALLES BUENO Interview*

15.     At the scene, at approximately 1:25 p.m., law enforcement officers administered VALLES BUENO his *Miranda* warnings in Spanish, which VALLES BUENO acknowledged and waived. VALLES BUENO agreed to answer questions without the presence of an attorney.  In a recorded interview, VALLES BUENO stated he knew he was conducting a drug transaction, but he did not know what exact drug he was transporting. VALLES BUENO stated he received instructions for the drug deal from his uncle. From the driver's side Jeep Rubicon's door panel, law enforcement recovered VALLES BUENO's cell phone. VALLES BUENO agreed to unlock his cell phone, when law enforcement provided VALLES BUENO the cell phone to unlock, VALLES BUENO began rapidly entering what appeared to be random and incorrect passcodes in an attempt

to lock out the phone. Law enforcement took the phone away from VALLES BUENO prior to him successfully locking out the phone. VALLES BUENO was also determined to be a citizen of Mexico unlawfully present in the United States.

*AISPURO VELAZQUEZ Interview*

16. Law enforcement transported AISPURO VELAZQUEZ to the DEA Phoenix Division Office for processing. At approximately 2:34 p.m., law enforcement officers administered AISPURO VELAZQUEZ his *Miranda* warnings in Spanish, which AISPURO VELAZQUEZ acknowledged and waived. AISPURO VELAZQUEZ agreed to answer questions without the presence of an attorney. In a recorded interview, AISPURO VELAZQUEZ admitted he was present at the transaction, he knew the transaction was a narcotics transaction, and his role was to serve as a lookout. AISPURO VELAZQUEZ stated he was going to be paid $500 United States currency to be a lookout. AISPURO VELAZQUEZ stated he received directions from a subject he knows as "Compa Tio". AISPURO VELAZQUEZ granted consent for law enforcement to search AISPURO VELAZQUEZ's cell phone. Law enforcement located a contact on AISPURO VELAZQUEZ's cell phone named "Mio5". The phone number was SOS's Phone (the same phone number as the SOS who agreed to sell the CS fentanyl pills).

17. Below is an image of the drugs seized in this matter:



18. Based on the facts and circumstances stated in this Affidavit, I submit there is probable cause to believe that the defendant, BRAYAN VALLES BUENO, did knowingly and intentionally possess with the intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi).

19. Based on the facts and circumstances stated in this Affidavit, I further submit there is probable cause to believe that the defendants, BRAYAN VALLES BUENO and JORGE AISPURO VELAZQUEZ did knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown, to possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance in violation of Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi), all in violation of Title 21 United States Code, Section 846 (Conspiracy to Possess with the Intent to Distribute Fentanyl).

20. I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

CHRISTOPHER CERNOSEK
Digitally signed by CHRISTOPHER CERNOSEK
Date: 2026.04.10 13:14:24 -07'00'

Christopher L. Cernosek
Special Agent
U.S. Drug Enforcement Administration

Sworn to electronically and subscribed telephonically on ___10th___ day of April, 2026.

HONORABLE ALISON S. BACHUS
United States Magistrate Judge